UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CHARLES KNIES | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 21-030-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| GRAYHAWK, LLC, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Charles Knies originally filed this action in Fayette Circuit Court, alleging workers' compensation retaliation, disability discrimination, retaliation, and unlawful discharge. [Record No. 1-1] Defendant Grayhawk, LLC ("Grayhawk") removed the case to this Court on January 29, 2021, based on claims of diversity of citizenship. [*Id.*] Knies now argues that the amount-in-controversy requirement for diversity jurisdiction is not satisfied and has filed a motion to remand this matter back to the Fayette Circuit Court. [Record No. 7] The motion has been fully briefed.

Grayhawk has shown that Knies could recover more than $75,000, exclusive of interest and costs. Therefore, Knies' motion will be denied.[1]

---

[1] While Knies' motion to remand was pending, the parties also failed to comply with paragraph 3 of the Court's February 2, 2021, Order for Meeting and Report. They will be given a brief extension within which to comply.

-1-

I.

This Court has an "obligation to ensure that [it does] not exceed the scope of [its] jurisdiction." *Williams v. United States*, 927 F.3d 427, 434 (6th Cir. 2019). Because Knies raises state-law causes of action here, subject matter jurisdiction exists only if the parties are completely diverse and the amount-in-controversy requirement is met. 28 U.S.C. § 1332. When an action in state court could have been filed in federal court under Section 1332, a defendant may remove the action to federal court. 28 U.S.C. § 1441(a). The parties here agree that complete diversity exists, so the only dispute is whether "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332.

Grayhawk has the "burden of satisfying the amount-in-controversy requirement." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Here, consistent with Kentucky's pleading requirements, Knies' Complaint seeks an "*unspecified amount* that is not self-evidently greater or less than the federal amount in controversy requirement." *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 959 (E.D. Ky. 2009) (emphasis in original); *see also* Ky. R. Civ. P. 8.01 ("[T]he prayer for damages in any pleading shall not recite any sum as alleged damages . . . ."). Accordingly, Grayhawk must prove that the amount-in-controversy requirement is met by the preponderance of the evidence. *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 470 (6th Cir. 2019). If it shows that it is "'more likely than not' that [Knies is] entitled to a recovery of at least $75,000.01 should he be successful in proving his legal claims," removal is appropriate. *Id.* at 470–71 (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). In addition, "any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court." *ABC Daycare & Learning*

*Ctr. v. West Bend Mut. Ins. Co.*, 2020 U.S. Dist. LEXIS 114191, at *7 (E.D. Ky. June 29, 2020) (citations omitted).

## II.

Grayhawk argues that the likely dollar amounts associated with the relief sought in Knies' Complaint exceed $75,000, exclusive of interest and costs. [*See* Record Nos. 1, at pp. 3–4; 8, at pp. 3–4.] Knies' Complaint requests several forms of damages: past and future lost wages, past and future lost benefits, several forms of compensatory damages, and punitive damages. [Record No. 1-1, p. 7] At this stage of the proceedings, in similar cases, courts assess the value of a plaintiff's claim based on "the nature of the case, [the plaintiff's] compensation, and the extent of damages requested." *Tackett v. Elovations Servs. Grp., LLC*, 2019 U.S. Dist. LEXIS 28822, at *6 (E.D. Ky. Feb. 22, 2019) (citations omitted). Based on Knies' wages and the time that may elapse before trial, Grayhawk has correctly calculated that back pay alone is likely to exceed $75,000. [Record No. 8, p. 3–4] Given the additional lost benefits, compensatory damages, and punitive damages, Grayhawk has satisfied its burden.

Notably, Knies has not responded to any of Grayhawk's arguments. Instead, he contends that his recent stipulation that the amount in controversy is less than $75,000 deprives this Court of jurisdiction. [Record Nos. 7, 7-1] In general, "the amount claimed by a plaintiff in his complaint determines the amount in controversy." *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921–21 (6th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)). This means that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000).

But this general rule must be reconciled with the fact that Kentucky plaintiffs are generally not permitted to plead a specific amount of damages. *See* Ky. R. Civ. P. 8.01. In these circumstances, federal courts distinguish between post-removal stipulations that clarify the amount in controversy and those that seek to reduce the amount in controversy (and eliminate federal jurisdiction). *See Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014); *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002). "When a post-removal stipulation is the first specific statement of the alleged damages then it is considered a *clarification*, rather than a reduction, and the case may be remanded." *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 780 (E.D. Ky. 2014).

A valid clarifying stipulation must unequivocally limit damages so as to actually bind the parties. *Shupe*, 566 F. App'x at 481 (citing *Egan*, 237 F. Supp. 2d at 778). It must reflect the relief sought from the initiation of the action, "not a *change* in the relief that they are seeking." *See Cox v. CTA Acoustics, Inc.*, 2018 U.S. Dist. LEXIS 146789, at *7 (E.D. Ky. Aug. 29, 2018) (citing *Labuy v. Peck*, 790 F. Supp. 2d 601 (E.D. Ky. 2011))  And it cannot be used to "walk back [an] expansive complaint so as to defeat diversity jurisdiction." *Id.* at *8.

Grayhawk correctly notes that Knies' stipulation is not unequivocal. In *Proctor v. Swifty Oil Co., Inc.*, the Western District of Kentucky found that almost identical language was equivocal because it did "nothing to prevent[] him from being awarded or collecting damages in excess of the jurisdictional amount." 2012 U.S. Dist. LEXIS 141323, at *(W.D. Ky. Oct. 1, 2012); *see also Helton v. Lelion*, 2014 U.S. Dist. LEXIS 158839, at *8 (E.D. Ky. Nov. 10, 2014) (applying the *Proctor* standard). The unsworn stipulation here suffers the same shortcomings found in *Proctor*.

And even if the stipulation were unequivocal, it would not justify a remand to state court.  Like the plaintiff in *Cox*, Knies attempts to use his stipulation here to "walk back" his Complaint and reduce the actual relief sought.  2018 U.S. Dist. LEXIS 146789, at *7.  His Complaint requests several forms of damages.  [Record No. 1-1, p. 7]  And Grayhawk has shown by a preponderance of the evidence that Knies sought more than $75,000 at the outset of this litigation.  Rather than clarify the original relief sought, Knies' stipulation attempts to reduce the amount he has sought since the beginning to defeat diversity jurisdiction.  Binding caselaw prohibits him from doing just that.  *See Rogers*, 230 F.3d at 872.

### III.

In short, Knies' stipulation reduces the relief sought in his Complaint, and Grayhawk has met its burden to show that the amount in controversy exceeds $75,000, exclusive of interests and costs.  Thus, remand is not warranted.  Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Knies' motion to remand [Record No. 7] is **DENIED**.

2. The parties are **DIRECTED** to comply with paragraph 3 of the Court's February 2, 2021, Order, **on or before Monday, March 22, 2021**.  Failure to comply will result in entry of a Scheduling Order without the parties' input.

Dated:  March 16, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky